**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JAMES L. CONRAD, Individually and as** | § | |
| **Surviving Spouse of SUSAN T. CONRAD,** | § | |
| **Deceased** | § | |
| | § | |
| **VS.** | § | **Cause No. 5:22-cv-00221** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**COMPLAINT**

1.  Plaintiff James L. Conrad sues the United States of America herein as authorized by the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.*

**Parties**

2.  Plaintiff is an adult resident of Helotes, Bexar County, Texas who sues in his individual capacity and as surviving spouse and survival beneficiary of Susan T. Conrad per §71.021 of the Texas Civil Practice and Remedies Code.  The term "plaintiff" as used herein may refer to Plaintiff James L. Conrad in his individual capacity, his capacity as survival beneficiary of Susan L. Conrad, or both, as the context may require.

3.  Defendant United States of America is in this instance a provider of professional medical services through its agents and employees at Brooke Army Medical Center, Fort Sam Houston, Texas (BAMC).

**Jurisdiction and Venue**

4.  The Court's jurisdiction over this controversy is federal question jurisdiction per 28 U.S.C. §1331 because Plaintiff's cause of action exists only by authority of federal statutory law, to-wit:  the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.*

5.  Venue lies in this Court because the events giving rise to this cause of action occurred within the geographic boundaries of the Western District of Texas, San Antonio Division.

**Notice of Claim and Timeliness of Suit**

6.  Plaintiff has complied with the notice requirements and limitations provisions of 28 U.S.C. §2675, in that the claims made the subject hereof were presented within two years after accrual and this suit is filed within six months after final denial.  All preconditions to the filing of this suit are met.

**Facts**

7.  On or about January 11, 2018 Defendant's medical personnel at Brooke Army Medical Center, Fort Sam Houston, Texas, conducted a magnetic resonance imaging (MRI) study of the left knee of Plaintiff's now-deceased spouse, Susan T. Conrad, on referral from her civilian primary care manager.  In connection with such MRI study Defendant failed to note clear evidence of left knee infection/osteomyelitis/Brodie's abscess in the subject MRI images and reported only a fracture in the head of the left tibia, delivering said findings to Plaintiff by leaving a voicemail message on Plaintiff's home telephone answering machine.

8.  Owing to the Defendant's failure to diagnose and/or treat Susan T. Conrad's medical condition in keeping with the applicable standard of care, the aforesaid undiagnosed infection continued to ravage her left leg and cause her extreme pain, weakness and deterioration of mental status.  On or about January 20, 2018 she presented at Defendant's BAMC emergency room and was admitted to inpatient care.  Her left knee infection was at last diagnosed and antibiotic treatment begun, but by then her septic condition had progressed until it was too late to save her leg and amputation represented the best available opportunity to save her life.  Her left leg was amputated at mid-thigh.

**Cause of Action**

9.  BAMC personnel's actions breached a duty of care owed to Susan T. Conrad and constituted negligence in that BAMC personnel, particularly its assigned radiologist, an active duty service member, failed to note, report or otherwise act upon evidence within images generated from its MRI study indicating left knee infection/osteomyelitis/Brodie's abscess.  By reason of such failure the care provided by Defendant's personnel breached the standard of care applicable to providers of similar medical and radiological services in the San Antonio, Bexar County, Western District of Texas, Texas and United States medical communities.  As a

proximate result of the Defendant's breach of duty Plaintiff was caused to suffer the damages enumerated herein.

## Damages

10.  The Defendant's breach of the duty owed by Defendant to Susan T. Conrad was the proximate cause of the injuries and damages complained of herein, specifically amputation of the left leg of Susan T. Conrad and resulting losses to herself and Plaintiff as set forth below.

11.  As a result of the injuries caused by Defendant, Susan T. Conrad suffered the following damages for which James L. Conrad as her surviving spouse now seeks recovery:

      a.  physical pain and suffering;
      b.  medical or health care expenses;
      c.  disfigurement;
      d.  physical impairment;
      e.  mental impairment;
      f.  custodial care services;
      g.  mental or emotional pain and anguish; and
      h.  loss of enjoyment of life.

As a result of the injuries caused by Defendant, James L. Conrad suffered the following damages

      a.  loss of household services;
      b.  mental or emotional pain and anguish;
      c.  loss of consortium;
      d.  loss of companionship or society; and
      e.  loss of enjoyment of life.

## Prayer

Plaintiff prays that Defendant be cited to appear and answer herein; that Plaintiff be awarded judgment against Defendant for actual damages not exceeding $3,500,000.00; and for such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

GRAVES LAW FIRM
134 E. Mistletoe
San Antonio, TX 78212

Page 3 Of 4

*s/* W. Stephen Graves

_____

W. Stephen Graves
Attorney for Plaintiff
Bar no: 08313010
Phone: (210) 738-3230
Fax: (210) 738-3195
Email: graveslawsa@gmail.com

## CERTIFICATE OF SERVICE

On March 4, 2022 the foregoing Complaint was served upon the United States Attorney for the Western District of Texas, by and through designated Civil Process Clerk Stephanie Rico, by certified mail to 601 NW Loop 410, Ste. 600, San Antonio, TX 78216-5597.

*s/* W. Stephen Graves

_____

W. Stephen Graves